IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: Trilegiant Corporation, Inc. | ) ) ) ) ) | Civil Action No.<br><br>3:12cv396 (VLB)<br><br>December 21, 2012 |

**DEFENDANT ORBITZ WORLDWIDE, LLC'S MEMORANDUM OF LAW
<u>IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Defendant Orbitz Worldwide, LLC ("Orbitz"), respectfully submits this memorandum of law in support of its accompanying motion to dismiss the *Consolidated Amended Complaint* ("*CAC*") filed by plaintiffs Brittany DiCarolis, Hope Kelm, Jennie H. Pham, Juan M. Restrepo, Brian Schnabel, Edward and Lucy Schnabel, Annette Sumlin, Barbara Timmcke, Regina Warfel, and Debbie Williams (collectively, "Plaintiffs") on September 20, 2012.  [Dkt. No. 143].

I.      <u>INTRODUCTION</u>

Six months after filing their original complaint, and seemingly as an afterthought, Plaintiffs chose to name Orbitz as defendant in the *CAC*.  One can search the *CAC* in vain for any meaningful allegation against Orbitz.  In fact, the only allegation that specifically relates to Orbitz is contained in paragraph 55 – a paragraph that pertains solely to the location of Orbitz's headquarters and the place of its incorporation.  There is no allegation – not one – that any named

plaintiff enrolled in any Trilegiant program at issue in the *CAC* because of a transaction with Orbitz.

Plaintiffs' claims against Orbitz must be dismissed for numerous reasons. Plaintiffs purport to assert five (5) causes of action against Orbitz. In particular, they allege that Orbitz: (1) violated RICO; (2) violated the Electronic Communications Privacy Act ("*ECPA*"); (3) violated the Connecticut Unfair Trade Practices Act ("*CUTPA*"); (4) violated the Cal. Bus. & Prof. Code § 17602; and (5) unjust enrichment. (*CAC*, counts One, Two, Five, Seven, Nine, and Ten.) Orbitz specifically adopts the arguments articulated in sections II (A), II (B) (1) (a), II (B) (2), II (C), and III through VIII, inclusive, of the Memorandum of Law in Support of Defendants' Motion to Dismiss or, in the Alternative, Motion to Strike ("*Memo.*") filed by Trilegiant Corporation, Inc. and Affinion Group, LLC (the "Trilegiant Defendants"). [Dkt No. 189]. As these arguments are discussed in detail in the *Memo.*, Orbitz will not repeat them here.

The *CAC* must also be dismissed against Orbitz for at least one additional reason. Given that none of the named plaintiffs allege that he or she enrolled in any Trilegiant program at issue in the *CAC* because of a transaction with Orbitz, plaintiffs lack standing to assert any claim against Orbitz. The *CAC* must, therefore, be dismissed as against Orbitz pursuant *Fed. R. Civ. P.* 12 (b) (1).

Nor should leave to amend be granted. To the extent plaintiffs might attempt to assert any claim based on any transaction that occurred before

February 15, 2008, it would be barred by the *Pederson* settlement. To the extent plaintiffs would attempt to assert claims against Orbitz based on Orbitz transactions that occurred after February 15, 2008, there is no factual basis to do so. That is because Orbitz terminated the "partnership" agreement with Trilegiant that is at issue in the *CAC* in 2007, effective December 31, 2007. Accordingly, consistent with plaintiffs' good faith pleading obligations, they have no basis upon which to assert claims against Orbitz that post-date the *Pederson* settlement.

## II.   STATEMENT OF FACTS[1]

Plaintiffs filed the *CAC* on September 7, 2012, naming, for the first time, Orbitz as a defendant. The *CAC* failed, however, to allege that *any* of the named Plaintiffs were ever enrolled in any Trilegiant membership program as a result of a transaction they entered into with Orbitz. Indeed, the <u>only</u> direct allegation against Orbitz is contained in Paragraph 55 of the *CAC*, where Plaintiffs allege Orbitz's citizenship and the location of its corporate headquarters. (*CAC*, ¶ 55.)

---

[1] In the context of a motion to dismiss, all of the well-pled factual allegations of the *CAC* must be accepted as true. *Wilson v. Midway Games, Inc.*, 198 F. Supp. 2d 167, 170 (D. Conn. 2002). Of course, Orbitz reserves the right to challenge those factual claims in an appropriate procedural context as and to the extent the same becomes necessary. In addition, and particularly given the discussion that follows, it is worth noting that, while Plaintiffs' factual allegations must be presumed true for purposes of this motion, their conclusions of law are not entitled to any such presumption. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III.  LEGAL ARGUMENT

####   A.  Plaintiffs Lack Standing To Assert Claims Against Orbitz.

In a motion to dismiss pursuant to Rule 12 (b) (1), the plaintiff bears the burden of establishing, by a preponderance of the evidence, the court's subject matter jurisdiction to adjudicate her claims. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F. 3d 167, 170 (2d Cir. 2008) ("[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists") (quoting *Makarova v. U.S.*, 201 F. 3d 110, 113 (2d Cir. 2000)).  While a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff . . . jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (internal quotations and citations omitted).

Federal courts have subject-matter jurisdiction over a case or controversy only if the plaintiff has standing to bring the suit against the defendant(s).  For a plaintiff to have Article III standing, she must establish three elements:

> (1) the plaintiff must have suffered an "injury in fact," meaning an invasion of a legally protected interest which is concrete and particularized, as well as actual or imminent, not conjectural or hypothetical; (2) there must be a "causal connection" between the injury and the challenged conduct; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable ruling.

*In Re Alstom SA Sec. Litig.*, 253 F.R.D. 266, 273 (S.D.N.Y. 2008) (citations omitted). To satisfy the causation requirement, "the injury must be fairly . . . trace[able] to

4

the challenged action of the defendant." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotations and citations omitted). Additionally, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* (citations omitted).

To have standing in a class action suit, there must be a named plaintiff with standing for each claim against each defendant. *See Hevesi v. Citigroup, Inc.*, 366 F. 3d 70, 81-82 (2d Cir. 2004); *see also Cent. States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F. 3d 229, 241 (2d Cir. 2007). Here, Plaintiffs do not allege that any of the injuries they allegedly sustained resulted from any transaction with Orbitz. Indeed, other than a non-substantive allegation directed to Orbitz in paragraph 55, the *CAC* is entirely devoid of any allegation against Orbitz. As such, Plaintiffs lack standing as against Orbitz because their injuries were not "fairly . . . trace[able] to the challenged action of th[at] defendant." *Lujan,* 504 U.S. at 561 (internal quotations and citations omitted). For this reason (in addition to those identified in the *Memo.*), Orbitz must be dismissed from the *CAC*.[2]

---

[2] In addition to these arguments, it appears that most or all of Plaintiffs' claims against Orbitz are time-barred. Because Plaintiffs have not alleged that they used Orbitz, let alone that they were enrolled in a Trilegiant program at issue in the *CAC* by virtue of an Orbitz transaction on any specific date, Orbitz has not asserted a limitations defense in this motion. If plaintiffs attempted to do so, however, it is likely that any claim they would attempt to assert would be barred by the applicable statute of limitations, given that the Orbitz-Trilegiant "partnership" at issue in the *CAC* was terminated effective December 31, 2007.

### B. The Dismissal Against Orbitz Should Be With Prejudice.

Plaintiffs should not be permitted to leave to amend their claims against Orbitz. Although leave to amend should be granted freely when justice so requires, a court should dismiss claims with prejudice when it is clear that amendment would be futile, or that the plaintiff cannot allege an actionable claim consistent with the litigant's good faith pleading obligations. To that point and to the extent that plaintiffs were to attempt to amend the complaint to add a claim against Orbitz predicated on a plaintiff's enrollment in a Trilegiant membership because of an Orbitz transaction that occurred before February 15, 2008, such a claim is barred by the *Pederson* settlement. (*See* Section VII, pp. 38-42). Nor can they allege in good faith that any plaintiff was enrolled in any Trilegiant program at issue in the *CAC* because of a transaction with Orbitz on or after February 15, 2008. Notably, Orbitz terminated the "partnership," with Trilegiant, to the extent alleged in the *CAC,* at issue in the *CAC* in June 2007, effective December 31, 2007.

WHEREFORE, for the foregoing reasons, and as set forth in sections II (A), II (B) (1) (a), II (B) (2), II (C), and III through VIII, inclusive, of the *Memo*., defendant Orbitz Worldwide, LLC, respectfully submits that the *CAC* must be dismissed *with prejudice* in its entirety pursuant to *Fed. R. Civ. P.* 12 (b) (1) and 12 (b) (6).

        **DEFENDANT,**
        **ORBITZ WORLDWIDE, LLC**

**By: /s/ Tara L. Trifon**
    **Donald E. Frechette (ct08930)**
    **Tara L. Trifon (ct28415)**
    **Edwards Wildman Palmer LLP**
    **20 Church Street, 20th Floor**
    **Hartford, CT  06103**
    **Phone: (860) 525-5065**
    **Fax: (860) 527-4198**
    **dfrechette@edwardswildman.com**
    **ttrifon@edwardswildman.com**
    **Its Attorney**

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the court's CM/ECF System.

                                                          **/s/ Tara L. Trifon**
                                                          Tara L. Trifon