**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
1633 Broadway
New York, New York 10019
Tel. (212) 506-1700
Fax (212) 506-1800
bau@kasowitz.com

*Attorneys for defendant TigerDirect, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: Trilegiant Corporation, Inc. | Civil Action No. 3:12-cv-396-VLB <br><br> February 1, 2013 |

**MEMORANDUM OF LAW IN SUPPORT OF TIGERDIRECT INC.'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 4(M) AND 12(B)(5)**

## TABLE OF CONTENTS

**Page(s)**

**TABLE OF AUTHORITIES** ...................................................................................... ii

**PRELIMINARY STATEMENT** ..................................................................................1

**FACTUAL BACKGROUND** ......................................................................................2

    **A.**    **Plaintiffs' Complaint.** ..........................................................................2

    **B.**    **Plaintiffs' Failure To Serve TigerDirect.** ..........................................3

**ARGUMENT** ...............................................................................................................5

    **The Complaint Should Be Dismissed As Against TigerDirect Because Plaintiffs Inexcusably Have Failed To Effect Service Of Process.** ..................5

        **A.**    **Plaintiffs Have Not Served TigerDirect Within The Required 120-Day Period.** ............................................................6

        **B.**    **Plaintiffs' Failure To Serve TigerDirect Was Intentional Or Was The Result Of Inexcusable Neglect.** ..............................7

**CONCLUSION** .........................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

CASES

***Counter Terrorist Group U.S. v. New York Magazine*,**
  374 F. App'x 233 (2d Cir. 2010) ............................................................................... 8

***Deptuch v. Abraham Joshua Heschel Sch.*,**
  No. 06 Civ. 6000 (LAP), 2007 WL 4462194 (S.D.N.Y. Dec. 17, 2007) ..................... 8

***Fish v. Bread Loaf Constr. Co., Inc.*,**
  133 F.3d 907 (2d Cir. 1998) ..................................................................................... 9

***Gerena v. Korb*,**
  617 F.3d 197 (2d Cir. 2010) ..................................................................................... 7

***Howard v. Klynveld Peat Marwick Goerdeler*,**
  977 F. Supp. 654 (S.D.N.Y. 1997) ........................................................................ 7, 8

***Johnson v. New York City Bd. Of Educ.*,**
  23 F. App'x 70 (2d Cir. 2001) ............................................................................... 7, 8

***Kurzberg v. Ashcroft*,**
  619 F.3d 176 (2d Cir. 2010) .................................................................................. 8, 9

***McGregor v. United States*,**
  933 F.2d 156 (2d Cir.1991) ...................................................................................... 8

***Rzayeva v. United States*,**
  492 F. Supp. 2d 60 (D. Conn. 2007) ........................................................................ 6

***Saunders v. Principal Residential Mort., Inc.***
  No. 3:11 Civ 1817 (VLB), 2012 WL 4321974 (D. Conn. Sept. 20, 2012) ................. 6

***U.S. ex rel. Pervez v. Maimonides Med. Ctr.*,**
  No. 06 Civ 4989 (LAP), 2010 WL 890236 (S.D.N.Y. Mar. 9, 2010) ......................... 8

***Zapata v. City of New York*,**
  502 F.3d 192 (2d Cir. 2007) ................................................................................. 6, 7

RULES

**Fed. R. Civ. P. 4(m)**................................................................................................*passim*

**Defendant TigerDirect, Inc. ("TigerDirect") respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5), for an order dismissing this action as against TigerDirect based on plaintiffs' inexcusable failure to effect service of process upon TigerDirect.[1]**

### PRELIMINARY STATEMENT

This purported class action arises out of plaintiffs' allegations that TigerDirect and other online merchant defendants and banking defendants participated in a fraudulent scheme with defendant Trilegiant, Inc. ("Trilegiant") to charge consumers for unauthorized club memberships and subscription services offered by Trilegiant. Plaintiffs allege that TigerDirect and the other merchant defendants used a mechanism called "data pass" to automatically provide their customers' credit card information to Trilegiant. Plaintiffs' Complaint alleges that the use of data pass is "at the heart of" the conspiracy alleged by plaintiffs, and plaintiffs' counsel has represented that data pass is "a critical element" of plaintiffs' claims.

As discussed below, TigerDirect is not a proper defendant in this action because TigerDirect did not participate in data pass. Notwithstanding, this action should be dismissed as against TigerDirect because TigerDirect has not been served with the summons and Complaint in this action despite the expiration of the 120-day period for service, and plaintiffs' failure to effect service of process on TigerDirect was either intentional or the result of inexcusable neglect. Indeed, forty-nine days before the expiration of the 120-day period prescribed by Fed. R.

---

[1] **Submitted herewith in support of TigerDirect's motion is the Affidavit of Jonathan E. Minsker, dated February 1, 2013 ("Minsker Aff.").**

**ORAL ARGUMENT REQUESTED**

Civ. P. 4(m), TigerDirect's counsel advised plaintiffs' counsel that TigerDirect had not been served, and that TigerDirect nonetheless should be dismissed from this action because TigerDirect did not participate in data pass and did not provide its customers' credit card information to Trilegiant. TigerDirect's counsel offered to provide plaintiffs' counsel with TigerDirect's agreements with Webloyalty.com, Inc. ("Web Loyalty") (which was acquired by Trilegiant), which expressly provide that TigerDirect would not and did not participate in data pass, along with an affidavit from TigerDirect confirming that TigerDirect did not participate in data pass. However, plaintiffs' counsel failed to respond to this offer and to multiple emails and telephone calls from TigerDirect's counsel reiterating that TigerDirect had not been served and that TigerDirect was reserving all of its rights with respect to plaintiffs' failure to serve TigerDirect.

Despite the emails and telephone calls from TigerDirect's counsel, plaintiffs' counsel failed to effect service of process on TigerDirect, and the statutorily prescribed period for service expired on January 7, 2013. Accordingly, plaintiffs' intentional decision not to serve TigerDirect despite repeated reminders from TigerDirect should preclude plaintiffs from obtaining an extension of time to serve the Complaint, and the complaint should be dismissed as against TigerDirect.

## FACTUAL BACKGROUND

A.   <u>Plaintiffs' Complaint.</u>

On September 7, 2012, plaintiffs filed a Consolidated Amended Class Action Complaint (the "Complaint") alleging that TigerDirect and twenty-six other

2

defendants participated in a conspiracy with Trilegiant to defraud consumers into "paying for 'club' memberships and subscription services that the consumer never authorized." (Minsker Aff, Ex. A at ¶ 1.) Plaintiffs allege that TigerDirect and the other merchant defendants accomplished this scheme by using data pass to provide its customers' credit card information to Trilegiant. (*Id.,* Ex. A at ¶ 7(b)); *see also* ¶¶ 72, 75-76, 80, 117(c); Minsker Aff., Ex B, at 15.) According to plaintiffs' Complaint, data pass is "[a]t the heart" of the scheme alleged by plaintiffs. (Minsker Aff., Ex. A at ¶ 7(b).) Indeed, at a May 17, 2012 hearing in this matter, plaintiffs' counsel Jeffrey Leon acknowledged that data pass "is a critical element of our claim." (Minsker Aff., ¶ 3, Ex. C at 41.)

  B. <u>Plaintiffs' Failure to Serve TigerDirect.</u>

On November 19, 2012, after TigerDirect learned of the existence of the Complaint in this action, and forty-nine days prior to the expiration of the statutory period for plaintiffs to serve TigerDirect, TigerDirect's counsel, Jonathan Minsker, sent an e-mail to plaintiffs' counsel, Jeffrey A. Leon, advising Mr. Leon that TigerDirect was "a named -- but unserved -- defendant" in the instant action. (Minsker Aff., ¶ 5, Ex. D.) During a telephone conversation later that day, Mr. Minsker again informed Mr. Leon that TigerDirect had not been served; advised Mr. Leon that TigerDirect should not have been named as a defendant because TigerDirect never participated in data pass; offered to provide Mr. Leon with the agreements demonstrating that TigerDirect did not participate in data pass and with an affidavit from TigerDirect confirming that it did not participate in data pass; and requested that Mr. Leon consider dismissing

TigerDirect from this action.  (Minsker Aff., ¶ 6.)[2]  In response, Mr. Leon stated that there already "plenty of defendants" in this action, and that he would consider dismissing TigerDirect if the evidence confirmed that TigerDirect did not participate in data pass.  (*Id.*, ¶ 7.)

On November 20, 2012, Mr. Minsker again e-mailed Mr. Leon requesting that Mr. Leon call to discuss the matter.  (Minsker Aff., ¶ 8, Ex. D.)  Shortly thereafter, Mr. Minsker advised Mr. Leon during a telephone conversation that the documents that TigerDirect intended to send to plaintiffs were subject to a confidentiality agreement between TigerDirect and Trilegiant.  (Minsker Aff., ¶ 9.)  Thus, Mr. Minsker advised Mr. Leon that TigerDirect would send the documents to Mr. Leon if Mr. Leon agreed to maintain the confidentiality of the documents, and if Mr. Leon agreed to use the documents solely for the purpose of assessing whether to dismiss TigerDirect.  (*Id.*)  On November 27, 2012, (forty-one days before the expiration of the period to serve TigerDirect), Mr. Minsker confirmed this conversation in an email to Mr. Leon.  (*Id.*, ¶ 10, Ex. F.)  In that email, Mr. Minsker advised Mr. Leon that TigerDirect would send plaintiffs the relevant documents once Mr. Leon confirmed his agreement to maintain their confidentiality.  (*Id.*)  Mr. Minsker concluded the email by reminding Mr. Leon that TigerDirect had not been served, and by reserving all of TigerDirect's rights and defenses, including "lack of service of process."  (*Id.*)  Mr. Leon did not respond.  (*Id.*)

---

[2] The documents that Mr. Minsker offered to provide to Mr. Leon comprise excerpts of agreements between TigerDirect and Web Loyalty that state, "No Data Pass."

4

On December 3, 2012, thirty-five days before the expiration of the period to serve TigerDirect, Mr. Minsker -- having not received a response to his November 27 email -- forwarded his November 27 email to Mr. Leon, and inquired if Mr. Leon had made "any progress" on the issue. (Minsker Aff., ¶ 11, Ex. F.) Once again, Mr. Leon did not respond. (*Id.*)

On December 20, 2012, eighteen days before the expiration of the period to serve TigerDirect, Mr. Minsker left a voice message for Mr. Leon requesting that he respond to Mr. Minsker's November 27 email, and inquiring about the status of Mr. Leon's consideration as to whether to dismiss TigerDirect. (Minsker Aff., ¶ 12.) For a third time, Mr. Leon did not respond. (*Id.*)

On January 7, 2013, the statutory time limit prescribed by Fed. R. Civ. P. 4(m) for plaintiffs to effect service on TigerDirect -- 120 days after the filing of the Complaint -- expired. Plaintiffs still have not served TigerDirect with the Summons and Complaint in this action.[3]

## ARGUMENT

### The Complaint Should Be Dismissed As Against TigerDirect Because Plaintiffs Inexcusably Have Failed To Effect Service Of Process.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

---

[3] On January 18, 2013, TigerDirect was served with the Summons and Complaint in a related action, *David Frank v. Trilegiant Corporation, Inc., et al.*, Case Number: 3:12-CV-01721-SRU (the "Frank Action"). The sole plaintiff in that case, David Frank, is represented by plaintiffs' counsel in this action. Unlike the Complaint in the instant action (*see* Minsker Aff., Ex. A., ¶ 24), the complaint in the Frank Action does not contain an allegation concerning any transaction involving TigerDirect. On January 31, the Court entered an order to show cause requiring the plaintiff in the Frank Action to demonstrate why that case should not be dismissed for violating the prior action pending doctrine. (*See* In re: Trilegiant, 3:12-cv-00396-VLB, Doc. Num. 211.)

5

> **If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.**

Fed. R. Civ. P. 4(m).  Courts in this District may dismiss a complaint that has not been timely served where plaintiff fails to demonstrate good cause for its failure to effect service.  *See Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007) (affirming district court's dismissal of complaint for failure to effect timely service of process where plaintiff failed to demonstrate good cause).

Dismissal of the Complaint is warranted here because plaintiffs have failed to serve TigerDirect, and there was no cause -- let alone good cause -- for plaintiffs' failure to effect service of process, other than plaintiffs' own intentional conduct or inexcusable neglect.

### A.   Plaintiffs Have Not Served TigerDirect Within The Required 120-Day Period.

Courts in this Circuit are "specifically authorized to dismiss lawsuits for failure to comply with the service requirements of Rule 4, which makes it clear that it is the plaintiffs' burden to ensure that service is completed in a timely fashion."  *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007) (dismissing claims where defendants were not served with summons within 120 days of filing); *see also Saunders v. Principal Residential Mortg.*, Inc., No. 3:11 Civ. 1817 (VLB), 2012 WL 4321974, at *4 (D. Conn. Sept. 20, 2012) (dismissing complaint, pursuant to Rule 4(m), against one of many named defendants where plaintiffs failed to effect service of process within 120 days of filing the

6

complaint); *Gerena v. Korb*, 617 F.3d 197, 202 (2d Cir. 2010) (dismissing complaint against one defendant where summons was served outside of the 120-day period prescribed for service); *Johnson v. New York City Bd. Of Educ.*, 23 F. App'x 70, 72 (2d Cir. 2001) (affirming dismissal pursuant to Rule 4(m) where service not made within 120 days of filing).

Here, plaintiffs have not served TigerDirect within the 120-day limit prescribed by Rule 4(m). Having filed their Complaint on September 7, 2012, plaintiffs were required to serve TigerDirect on or before January 7, 2013. Plaintiffs failed to do so, and have yet to serve TigerDirect. Accordingly, the Court should dismiss plaintiffs' Complaint against TigerDirect, unless plaintiffs can demonstrate good cause for their failure to serve TigerDirect. As discussed below, plaintiffs cannot make that demonstration.

> B. Plaintiffs' Failure To Serve TigerDirect Was Intentional Or Was The Result Of Inexcusable Neglect.

The Second Circuit Court of Appeals has emphasized that courts in this Circuit should not grant discretionary extensions of the time to serve a complaint where, as here, plaintiffs fail to make a demonstration of good cause and there is no colorable excuse for their neglect. *See Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007) ("before we will even consider vacating a Rule 4(m) dismissal for abuse of discretion, the plaintiff must ordinarily advance some colorable excuse for neglect."). Good cause exists "only in exceptional circumstances where the failure to serve process in a timely manner results from circumstances beyond the plaintiff's control." *Howard v. Klynveld Peat Marwick*

*Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999); *see also U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, No. 06 Civ. 4989 (LAP), 2010 WL 890236, at *6 (S.D.N.Y. Mar. 9, 2010), *aff'd*, 415 F. App'x 316 (2d Cir. 2011) (refusing to find good cause for failure to timely serve where plaintiff admitted that the delay was voluntary, conceded that no circumstances beyond his control affected the delay, and failed to petition the Court for an extension of time to execute service); *Deptuch v. Abraham Joshua Heschel Sch.*, No. 06 Civ. 6000 (LAP), 2007 WL 4462194 (S.D.N.Y. Dec. 17, 2007) (refusing to find good cause -- even where there was no prejudice to defendant -- where plaintiff failed to offer an excuse for the delay in service and failed to ask for an extension of time).[4] To that end, the Second Circuit Court of Appeals specifically has held that extensions of the time to serve a complaint should not be granted where a plaintiff cannot demonstrate good cause, and where, as here, the defendant has notified the plaintiff of the failure to effect service with ample time remaining to do so. *See Kurzberg v. Ashcroft*, 619 F.3d 176, 179, 185-86 (2d Cir. 2010) (refusing to grant plaintiff additional time to serve the complaint where defendant had notified plaintiff of service failure within a sufficient time for plaintiff to effect service). Moreover, where, as here, a defendant has not sought to frustrate service, the Court should not permit service past the statutory deadline. *Fish v.*

---

[4] Attorney neglect cannot constitute "good cause." *Johnson*, 23 F. App'x at 72 (affirming dismissal under Rule 4) (quoting Fed. R. Civ. P. 4(m)); *see also Counter Terrorist Group U.S. v. New York Magazine*, 374 F. App'x 233, 235 (2d Cir. 2010) ("[a]ttorney error does not constitute good cause under Rule 4(m)."); *Howard*, 977 F. Supp. at 658 ("[a]n attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause for the purposes of Rule 4(m)."); *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir. 1991) (same).

*Bread Loaf Constr. Co., Inc.*, 133 F.3d 907 (2d Cir. 1998) (where "the location of all of the defendants was easily ascertainable and there was no excuse for the delay in service of process but the [plaintiff]'s own inadvertence, the district court was correct in declining to grant an enlargement of time").

Here, plaintiffs cannot demonstrate any cause -- let alone good cause -- for their failure to serve TigerDirect, beyond their own intentional conduct or inexcusable neglect. Indeed, TigerDirect's counsel first advised plaintiffs' counsel by email and telephone forty-nine days prior to the deadline for service that TigerDirect had not been served. (Minsker Aff., ¶¶ 5-6, Ex. D.) TigerDirect's counsel again reminded plaintiffs' counsel of the service issue by email and telephone forty-one days, thirty-five days and eighteen days prior to the service deadline. (Minsker Aff., ¶¶ 10-12, Ex. F.) And TigerDirect's counsel specifically informed plaintiffs' counsel that TigerDirect was reserving all rights and defenses including "lack of service of process." (Minsker Aff., ¶ 10, Ex. F.) Notwithstanding, plaintiffs' counsel refused to respond to the emails and telephone calls from TigerDirect's counsel, and failed to serve TigerDirect. In light of the foregoing, plaintiffs' failure to serve TigerDirect was either intentional or the result of inexcusable neglect, and plaintiffs cannot demonstrate that there were "exceptional circumstances" beyond the plaintiffs' control that would warrant excusing the failure to serve TigerDirect. *See Kurzberg*, 619 F.3d at 179 (refusing to grant extension of time for plaintiff to serve complaint where "the service failure [was] called to the plaintiff's attention by the defendant rather than the court"). To the contrary, the circumstances here demonstrate that plaintiffs

**were given ample opportunity to timely serve TigerDirect, were repeatedly reminded by TigerDirect of the need to do so and of the lack of any basis for plaintiffs' claims against TigerDirect, and simply declined to effect service of process. Accordingly, this Court should not reward plaintiffs for their disregard of TigerDirect's repeated inquiries and their disregard of their obligations under the Federal Rules by granting plaintiffs an extension of the time to serve the Complaint. Instead, this action should be dismissed as against TigerDirect.**

## CONCLUSION

For the foregoing reasons, TigerDirect respectfully requests that the Court enter an Order dismissing the Complaint as against TigerDirect, pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5); and granting such further relief as the Court deems just and proper.

Dated:  New York, New York
February 1, 2013

                              **KASOWITZ, BENSON, TORRES
                                & FRIEDMAN LLP**

                              **By:  /s/ Beverly Au
      Beverly Au (CT03181)**

                              **1633 Broadway
New York, New York 10019
Tel:  (212) 506-1700
Fax (212) 506-1800
bau@kasowitz.com**

                              *Attorneys for defendant TigerDirect, Inc.*