**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| | **Civil Action No. 3:12-cv-396-VLB** |
| **In re: Trilegiant Corporation, Inc.** | **FEBRUARY 15, 2013** |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiffs, Brittany DiCarolis, Hope Kelm, Jennie H. Pham, Brett Reilly, Juan M. Restrepo, Brian Schnabel, Edward Schnabel, Lucy Schnabel, Annette Sumlin, Barbara Timmcke, Regina Warfel, and Debbie Williams ("Plaintiffs"), in the above-captioned action ("*Trilegiant* Action"), by and through their undersigned counsel, hereby respond to this Court's January 31, 2013 Order to Show Cause as to "(1) why the Frank Action is distinguishable from the action at hand such that it may be maintained despite the prior pending action doctrine, and (2) why the named plaintiff in the Frank Action is entitled to the named plaintiff premium typically awarded in a successful class action."   As set forth herein, the prior pending action doctrine is not implicated by the *Frank* Action as it was commenced by a different plaintiff than those currently serving in that capacity in the pending consolidated action.  Indeed, the *Frank* Action addresses a specific purported defect identified by 1-800-Flowers in its motion to dismiss – namely the absence of a plaintiff who purchased from 1-800- Flowers.  Although Plaintiffs disagree that there is a standing issue, the inclusion of Frank renders that particular

argument moot.  With respect to the issue as to whether or not Mr. Frank is ultimately entitled to a service award in connection with performing the duties of a class representative, Plaintiffs' would only seek court approval of such an award if there was a settlement or judgment and if the participation and efforts of Frank (and the other Plaintiffs) warranted an award.

I.       PROCEDURAL HISTORY

The *Frank* Action was filed prior to the above-captioned matter, on November 10, 2010, asserting claims against Trilegiant Corporation, Inc., Affinion, Inc., 1-800-Flowers.com, Inc., and Chase Bank USA, N.A.  The action was filed in the United States District Court for the Eastern District of New York.  Civil Action No. 10-cv-05211-DRH-ARL (E.D.N.Y.) ("New York Action").  Defendants filed motions to dismiss, which were fully briefed but never adjudicated by the Court.

The *Frank* Action was only filed in the District of Connecticut following the dismissal, without prejudice, by Frank of the New York Action.  In that Chase, 1-800-Flowers and Trilegiant initially opposed the voluntary dismissal without prejudice (with the issue being fully briefed), Frank was prevented from joining the *Kelm* Action and being named as a plaintiff in the consolidated amended complaint filed before this Court.  On November 27, 2012, the voluntary dismissal was entered in the New York Action, following Defendants' decision to consent to the dismissal.  This dismissal occurred nearly three months after the consolidated amended complaint had been filed in this action.

Following entry of the voluntary dismissal of the New York Action, Frank, promptly filed his action in this District, on December 5, 2012.  On January 23,

2013, Plaintiffs in the *Trilegiant* Action moved to have the *Frank* Action transferred and consolidated with the *Trilegiant* Action, pursuant to the Court's related case policy, because both actions assert similar factual and legal allegations against the same Defendants and, thus, are related.

## II. ARGUMENT

### A. The *Frank* Action Is Distinguishable From The *Trilegiant* Action And May Be Maintained Despite The Prior Pending Action Doctrine

The prior pending action doctrine relates to the filing of duplicative suits *by the same plaintiff*. The basic principle of the prior pending doctrine action is that "plaintiffs have no right to maintain two actions on the same subject in the same court against the same defendant at the same time." *Curtis v. Citibank N.A.*, 226 F.3d 133, 139 (2d Cir. 2000). As set forth above, Frank has no other action pending against these defendants. By waiting to file in this District until after the voluntary dismissal was entered in the New York Action, Frank ensured that he did not implicate the prior pending action doctrine.

In addition, although the *Frank* Action is related to the *Trilegiant* Action, it is also indisputably distinguishable, in that the *Frank* Action contains allegations regarding Plaintiff's direct transactions with 1-800-Flowers. *See, e.g.* ¶¶ 24-25 of Complaint in the *Frank* Action [Dkt. No. 1], discussing Plaintiff's transactions with 1-800-Flowers. Currently, there are no plaintiffs in the *Trilegiant* Action who made an underlying purchase directly from 1-800-Flowers (an issue that has been

raised in the motion to dismiss).  Accordingly, the *Frank* Action is not duplicative

of the *Trilegiant* Action.[1]

In light of the foregoing, the *Frank* Action is related to the instant action

and should be consolidated pursuant to Local Rule 42(a).  Moreover, based on

the procedural and substantive nature of the *Frank* Action, the prior pending

action doctrine is not implicated and does not serve to prevent consolidation.[2]

B.      The Named Plaintiff In The *Frank* Action, As With All Named
        Plaintiffs, Is Entitled To A Service Award Following A Successful
        Conclusion To The Litigation And Upon A Showing That They
        Contributed To The Result.

Service awards for named plaintiffs are routinely approved by courts

following the successful resolution of class actions.  Such awards, of course,

require the court's approval.  F.R.C.P. 23(e).  "Incentive awards are not

uncommon in class action cases and are within the sound discretion of the

court."  *Frank v. Eastman Kodak Co.,* 228 F.R.D. 174, 187 (W.D.N.Y. 2005).  "An

incentive award is meant to compensate the named plaintiff for any personal risk

incurred by the individual or any additional effort expended by the individual for

the benefit of the lawsuit."  *Berrios v. Sprint Corp.*, No. 97-CV-0081, 1998 WL

1749828, at *3 (S.D.N.Y. 1998).  *See Roberts v. Texaco*, 979 F. Supp. 185, 187-88

(S.D.N.Y. 1997) (approving incentive award in a class case for a plaintiff who

---

[1] In its Show Cause Order, the Court cites *Ziemba v. Clark*, 167 F.App'x 831, 832
(2d Cir. 2006).  In *Ziemba*, the same plaintiff filed multiple actions in the district
court, alleging claims arising out of the same events.  *Id*.  That case, thus, is
factually distinguishable.
[2] The *Trilegiant* Action consists of other related cases, which were filed prior to
the *Frank* Action.  Those cases were transferred pursuant to the related case
policy and consolidated before this Court.  (Order dated April 23, 2012, Dkt. No.
38.)

"provided valuable assistance to counsel in prosecuting the litigation").  Frank has been actively involved in litigation seeking essentially the same relief sought by Plaintiffs in the currently consolidated actions.  Plaintiffs' counsel anticipate that Frank will continue to vigorously represent the interests of the class as the litigation progresses.  Plaintiffs respectfully submit that the *Frank* Action should be consolidated with the *Trilegiant* Action and, if the case is ultimately successful, he receive the same consideration for a service award that might be requested at that time.

III.    CONCLUSION

Plaintiffs respectfully submit that they have demonstrated that the prior pending action doctrine does not apply to the *Frank* Action and that consolidation with the *Trilegiant* Action is appropriate.  Plaintiffs further submit that, if the litigation is resolved successfully and an application is made for service awards, such application on Frank's behalf should be considered (as with all applications), in light of his ultimate contribution to the prosecution of the case.

Dated:  February 15, 2013                    Respectfully submitted,

                                              /s/ Karen M. Leser-Grenon
                                             James E. Miller (ct 21560)
                                             Karen M. Leser-Grenon (ct 23587)
                                             SHEPHERD, FINKELMAN, MILLER &
                                             SHAH, LLP
                                             65 Main Street
                                             Chester, CT 06412
                                             Telephone:  (860) 526-1100
                                             Facsimile:  (860) 526-1120
                                             Email: jmiller@sfmslaw.com

kleser@sfmslaw.com


Jeffrey A. Leon (*pro hac vice*)
Jamie E. Weiss (*pro hac vice*)
Complex Litigation Group LLC
513 Central Avenue, Suite 300
Highland Park, IL 60035
Telephone: (847) 433-4500
Facsimile:  (847) 433-2500
Email: jeff@complexlitgroup.com
        jamie@complexlitgroup.com


James C. Shah (*pro hac vice*)
Nathan C. Zipperian (*pro hac vice*)
Shepherd, Finkelman, Miller & Shah, LLP
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883
Email: jshah@sfmslaw.com
        nzipperian@sfmslaw.com

Richard J. Burke
Complex Litigation Group LLC
1010 Market Street, Suite 134
St. Louis, MO 63101
Telephone: (847) 433-4500
Email: Rich@ComplexLitGroup.com

Robert J. Axelrod (*pro hac vice*)
Jay Douglas Dean (*pro hac vice*)
Pomerantz Grossman Hufford Dahlstrom &
Gross LLP
600 Third Avenue
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: rjaxelrod@pomlaw.com
        jddean@pomlaw.com

Rose F. Luzon (*pro hac vice*)
Shepherd, Finkelman, Miller & Shah, LLP
401 West A Street, Suite 2350
San Diego, CA  92101

6

Telephone:  (619) 235-2416
Facsimile:  (619) 234-7334
Email: rluzon@sfmslaw.com

David A. Slossberg  (ct 13116)
David L. Belt (ct 04274)
Andrew W. Skolnick (ct 13422)
HURWITZ, SAGARIN, SLOSSBERG &
KNUFF, LLC
147 North Broad Street
Milford, CT 06460
Telephone: (203) 877-8000
Facsimile: (203) 878-9800
Email: dslossberg@hssklaw.com
Email: dbelt@hssklaw.com
Email: askolnick@hssklaw.com

David Pastor
Pastor Law Office, LLP
63 Atlantic Avenue, Third Floor
Boston, MA 02110
Telephone: (617) 742-9700
Facsimile: (617) 742-9701
Email: dpastor@pastorlawoffice.com

Kenneth G. Gilman
Gilman Law LLP
Beachway Professional Center Tower
3301 Bonita Beach Road, Suite 307
Bonita Springs, FL 34134
Telephone: (239) 221-8301
Facsimile: (239) 676-8224
Email: kgilman@gilmanpastor.com

David A. Burkhalter, II
Burkhalter, Rayson & Associates, P.C.
P.O. Box 2777
Knoxville, TN 37901
Telephone: (865) 524-4974
Facsimile: (865) 524-0172

James E. Cecchi
Carella, Byrne, Cecchi, Olstein, Brody &
Agnello
5 Becker Farm Road
Roseland, NJ 07068

7

**Telephone:  (973) 994-1700**
**Facsimile:  (973) 994-1744**
**Email: jcecchi@carellabyrne.com**

**Jonathan Shub**
**Seeger Weiss LLP**
**1515 Market Street, Suite 1380**
**Philadelphia, PA 19102**
**Telephone: 215-564-2300**
**Facsimile: 215-851-8029**
**Email: jshub@seegerweiss.com**

***Attorneys for Plaintiffs and the***
***Proposed Class***

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Karen M. Leser-Grenon
Karen M. Leser-Grenon (ct23587)
Shepherd Finkelman Miller
 & Shah, LLP
65 Main Street
Chester, CT 06412