UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE TRILEGIANT CORPORATION, INC.

No. 3:12-cv-00396 (VLB)

FEBRUARY 16, 2013

### DEFENDANT 1-800-FLOWERS.COM, INC.'S RESPONSE TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

By a Motion to Dismiss pursuant to Rules 12(b)(6) and 12(b)(1) and supporting memorandum of law dated April 4, 2012 (Doc. Nos. 75 and 75-1) (the "Motion to Dismiss"), 1-800-Flowers.com, Inc. ("Flowers") moved to dismiss the complaint filed in *Kelm v. Chase Bank USA, N.A.*, No. 3:12-cv-00332, on the grounds that Plaintiffs lacked standing to bring a claim against Flowers because not a single plaintiff named in the complaint alleged that he or she made any purchase from 1-800-Flowers.com.

On September 7, 2012, Plaintiffs filed the Amended Consolidated Complaint in the consolidated *Trilegiant* Action which repeated the fatal omission already addressed and fully briefed by Flowers' Motion to Dismiss. (Doc. No. 136). As instructed by this Court by Order dated December 23, 2012, Flowers refiled its Motion to Dismiss on January 16, 2013, again asserting the same standing argument. (Doc. No. 207).

Now, in Plaintiffs' Response to Order to Show Cause, Plaintiffs concede that "[c]urrently, there are no plaintiffs in the *Trilegiant* Action who made an un-

derlying purchase directly from 1-800-Flowers[.]" (Doc. No. 221, at 3). This Court has previously acknowledged that "this court is a court of limited subject matter jurisdiction and has a duty to consider any defect in jurisdiction *in the first instance.*" *McLoughlin v. People's United Bank, Inc.*, 2009 WL 2843269, at *2 (D. Conn. Aug. 31, 2009) (Bryant, J.) (emphasis added). As this Court previously ruled, "if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured after the inception of the lawsuit." *ID7D Co. v. Sears Holding Corp.*, 2012 WL 1247329, at *4 (D. Conn. Apr. 13, 2012) (Bryant, J.) (citations and internal quotation marks omitted).[1] Here, that means that if Flowers' motion to dismiss for lack of standing is well taken (as Plaintiffs apparently now concede), the Consolidated Amended Complaint must be dismissed as against Flowers, and that jurisdictional defect cannot be cured by seeking to add a new plaintiff (Mr. Frank) to the Consolidated Amended Complaint at this time – *i.e.*, "after the inception of the lawsuit."

Plaintiffs seek to avoid this legally compelled result by the subterfuge of arguing that they have "render[ed]" Flowers' standing argument "moot" by filing a separate complaint naming Mr. Frank as a plaintiff, which they now seek to have

---

[1] *See also Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983) ("The longstanding and clear rule is that if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.") (citation and internal quotation marks omitted); *Broad v. DKP Corp.*, 1998 WL 516113, at *5 (S.D.N.Y. Aug. 19, 1998) ("[T]he Court of Appeals has explicitly rejected the practice of retroactive jurisdiction, *i.e.*, permitting a plaintiff belatedly to attempt to assert subject matter jurisdiction by amendment."); *Vianix Delaware LLC v. Nuance Communications, Inc.*, 2009 WL 1364346, at * 2 (D. Del. May 12, 2009) ("[I]t has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.") (citations and internal quotation marks omitted).

transferred to this Court and consolidated with the *Trilegiant* Action (Doc. No. 221, at 1-2).[2] But this Court's ruling in *ID7D Co. v. Sears Holding Corp.* cannot be so easily circumvented. "A court may exercise jurisdiction only if a plaintiff has standing to sue *on the date it files suit*." *ID7D Co.*, 2012 WL 1247329, at *4 (emphasis added). Amendments and substitutions cannot be used to confer jurisdiction over an action over which the Court lacks subject matter jurisdiction because it was *commenced* by individuals who lack standing. Here, Plaintiffs seek to effect precisely that result by their machinations and Flowers respectfully urges this Court not to allow them to achieve indirectly what they may not achieve directly.

Dated:   New York, New York and
         Stratford, Connecticut
         February 16, 2013

                                    THE DEFENDANT
                                    1-800-FLOWERS.COM, INC.

                              By:   /s/ Thomas J. Kavaler
                                    Thomas J. Kavaler (ct 20865)
                                    Karen L. Cavalier (phv 05336)
                                    Cahill Gordon & Reindel LLP
                                    Eighty Pine Street
                                    New York, NY 10005
                                    (212) 701-3406
                                    tkavaler@cahill.com
                                    kcavalier@cahill.com

---

[2] *See* Affidavit of Thomas J. Kavaler In Support of 1-800-Flowers.com, Inc.'s Response to Plaintiffs' Response to Order to Show Cause, filed concurrently herewith, for a summary of the procedural steps Mr. Frank and his counsel have taken since he first brought suit more than two years ago against Flowers and others in connection with certain post-transaction marketing practices.

                              **Margaret Sheahan (ct 05862)**
                              **Robert Mitchell (ct 02662)**
                              **Mitchell & Sheahan, P.C.**
                              **80 Ferry Boulevard, Suite 102**
                              **Stratford, CT 06615**
                              **(203) 873-0240**
                              **msheahan@mitchellandsheahan.com**
                              **rbmitchell@mitchellandsheahan.com**

                              *Attorneys for Defendant 1-800-*
                                *Flowers.com, Inc.*

## CERTIFICATION

I hereby certify that on February 16, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be served by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ Thomas J. Kavaler
Thomas J. Kavaler (ct 20865)
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, NY 10005
(212) 701-3406
tkavaler@cahill.com