UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TRILEGIANT CORPORATION, INC. | No. 3:12-cv-00396 (VLB)<br><br>FEBRUARY 16, 2013<br><br>AFFIDAVIT OF THOMAS J. KAVALER IN SUPPORT OF 1-800-FLOWERS.COM, INC.'S RESPONSE TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE |

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ss.: |
| COUNTY OF NEW YORK | ) |

Thomas J. Kavaler, being duly sworn, deposes and says:

I make this affidavit to apprise the Court of the procedural steps David Frank and his counsel have taken since he first brought suit more than two years ago against 1-800-Flowers.com, Inc. ("Flowers") and others in connection with certain post-transaction marketing practices.

*Frank Sues Flowers and Others in the United States District Court for the Eastern District of New York*

1.  On November 10, 2010, David Frank filed a complaint against Flowers, Affinion, Inc., Chase Bank USA, N.A., and Trilegiant Corporation, Inc. in the United States District Court for the Eastern District of New York alleging, among other things, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* (referred to hereinafter as the "Original Frank Action").

2.   Mr. Frank was represented by Freed & Weiss LLC of Chicago, Illinois (now known as the Complex Litigation Group LLC), along with co-counsel.

3.   By June 15, 2011, motions to dismiss had been filed by all defendants in the Original Frank Action and fully briefed.

**The Judicial Panel on Multidistrict Litigation Denies Frank's Request for Consolidation And Transfer to This Court**

4.   Prior to any ruling on the pending motions to dismiss the Original Frank Action, on November 6, 2011, Mr. Frank, along with the plaintiffs in four other actions also represented by Freed & Weiss, filed a motion with the United States Judicial Panel on Multidistrict Litigation (the "JPML") for an order pursuant to 28 U.S.C. § 1407 transferring all five actions for coordinated and consolidated pretrial proceedings in the United States District Court for the District of Connecticut where another action, *Schnabel* v. *Trilegiant Corporation, Inc.*, 10-cv-00957-JCH (D. Conn.) (the "Schnabel Action"), was already pending.

5.   Plaintiffs argued that transfer of the actions for coordinated and consolidated pretrial proceedings was warranted because: "the claims [arose] from a nearly identical set of factual issues and raise[d] similar, if not identical, legal issues; (2) transfer [would] be for the convenience of the parties and witnesses; and (3) transfer [would] promote the just and efficient conduct of such actions by eliminating the risk of inconsistent decisions." Memorandum of Law in Support of Plaintiffs' Motion for Transfer

of Related Actions to the District of Connecticut Pursuant to 18 U.S.C. § 1407, Case MDL No. 2310, Docket No. 1.

6.  On December 9, 2011, the JPML issued an Order denying the plaintiffs' motion to transfer, noting that "[t]he relatively few involved counsel weighs against centralization, and should facilitate informal coordination and cooperation across the actions."  Order Denying Transfer, Case MDL No. 2310, Docket No. 55.

*Frank Voluntarily Dismisses his Action Pending in the Eastern District of New York*

7.  On December 23, 2011, Mr. Frank filed a Notice of Voluntary Dismissal seeking to dismiss the Original Frank Action without prejudice.

8.  On November 28, 2012, the court entered an Order dismissing the Original Frank Action in its entirety.

*Two Virtually Identical Actions are Brought By Frank's Lawyers in the United States District Court for the District of Connecticut, But Frank is Not Named as a Plaintiff in Either One*

9.  On March 6, 2012 Plaintiffs Barbara Timmcke, Hope Kelm, Jennie H. Pham, Regina Warfel, Brett Reilly and Juan M. Restrepo filed a complaint in the United States District Court for the District of Connecticut against Flowers and 20 other defendants alleging ten causes of action including violations of RICO, the Electronic Communications Privacy Act, the Connecticut Unfair Trade Practices Act and the California Business and Professional Code (referred to hereinafter as the "Kelm Action").

10. Plaintiffs in the Kelm Action are represented by the Complex Litigation Group LLC—the same counsel who represented Mr. Frank in the Original Frank Action. However, Mr. Frank's counsel did not name him as a plaintiff in the Kelm Action. The Kelm Plaintiffs are also represented by Attorney Karen Leser-Grenon of Shepherd Finkelman Miller & Shah LLP and other co-counsel.

11. The Kelm Action was originally assigned to the late Judge Mark R. Kravitz.

12. On March 15, 2012, Plaintiffs Debra Miller and William Thompson filed a complaint in the United States District Court for the District of Connecticut bringing claims substantially similar to those alleged in the Kelm Action against primarily the same defendants (referred to hereinafter as the "Miller Action").

13. Plaintiffs in the Miller Action are represented by the Complex Litigation Group LLC—the same counsel who represented Mr. Frank in the Original Frank Action. However, Mr. Frank's counsel did not name him as a plaintiff in the Miller Action. The Miller Plaintiffs are also represented by Attorney Karen Leser-Grenon of Shepherd Finkelman Miller & Shah LLP and other co-counsel.

14. The Miller Action was assigned to this Court.

*Flowers Moves to Dismiss the Com-*
*plaint in the Kelm Action Because No*
*Plaintiff Named Therein Alleges That*
*He or She Transacted Any Business*
*With Flowers*

15.   On April 4, 2012, Flowers moved to dismiss the complaint filed in the
      Kelm Action pursuant to Rule 12(b)(6) for failure to state a claim upon
      which relief can be granted, and pursuant to Rule 12(b)(1) for lack of
      standing because none of the named plaintiffs in the Kelm Complaint al-
      leged that he or she had transacted any business with Flowers.  Although
      Complex Litigation Group – which filed the Kelm Complaint – represented
      a client who claimed to have transacted business with Flowers
      (Mr. Frank), that law firm did not join that client as a named plaintiff in the
      Kelm Action.  Flowers' motion to dismiss was fully briefed by May 9, 2012.

16.   At the May 17, 2012 Status Conference, this Court withdrew its initial rul-
      ing dismissing as moot Flowers' Motion to Dismiss and undertook to
      consider the motion.  Tr. at p. 56:3-10 ("I will look at the [motion to dis-
      miss] briefing . . . [a]nd . . . I will not summarily dismiss as moot, . . . or
      deny as moot [the motion to dismiss]").

*The Kelm, Miller and Schnabel Ac-*
*tions Are Consolidated before Judge*
*Bryant*

17.   On April 4, 2012, Judge Kravitz reassigned the Kelm Action to Judge Ja-
      net C. Hall, before whom the Schnabel Action was pending.

18.   On April 16, 2012, Judge Hall reassigned the Kelm Action and the Schna-
      bel Action to this Court for all further proceedings.

19.  On April 26, 2012, this Court consolidated the Kelm and Schnabel Actions with the Miller Action under the caption *In re Trilegiant Corporation, Inc.*, No. 3:12-cv-396 (VLB).

*Flowers Moves to Dismiss the Consol-*
*idated Amended Complaint Because,*
*Inter Alia, No Plaintiff Named Therein*
*Alleges That He or She Transacted*
*Any Business With Flowers*

20.  On September 7, 2012, Plaintiffs in *In re Trilegiant Corporation, Inc.* filed a Consolidated Amended Complaint.

21.  On September 20, 2012, Flowers filed a Notice of Supplemental Authority in support of Flowers' pending motion to dismiss the Kelm Action.  Flowers respectfully called the Court's attention to additional supplemental authority in the form of Plaintiffs' Amended Consolidated Complaint filed on September 7, 2012.  The named plaintiffs in that pleading once again did not plead the requisite case or controversy between any of them personally and Flowers because no named plaintiff alleged that he or she had transacted any business with Flowers.  Although Complex Litigation Group – which filed the Kelm Action, the Miller Action and the Consolidated Amended Complaint – represented a client who claimed to have transacted business with Flowers (Mr. Frank), that law firm did not join that client as a named plaintiff in any of them.

22.  On December 6, 2012, this Court issued an Order denying Flowers' Motion to Dismiss the Kelm Action as moot in light of the filing of the Consolidated Amended Complaint.

23. On December 7, 2012, Flowers moved to dismiss Plaintiffs' Consolidated Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and pursuant to Rule 12(b)(1) for lack of standing.  In support of its motion, Flowers again raised the fact that no named plaintiff alleged having transacted any business with Flowers and thus there is no case or controversy as to Flowers.  Flowers also joined in the motions and supporting memoranda filed on December 7, 2012, by numerous other defendants.

24. On December 17, 2012, Flowers moved for Reconsideration of the Court's December 6th Order denying Flowers' Motion to Dismiss the Kelm Action as moot.

25. On December 23, 2012, this Court issued an Order denying Flowers' Motion for Reconsideration.  The Court instructed Flowers to refile its Motion to Dismiss by January 18, 2013, conforming the arguments and citations in such motion to the Consolidated Amended Complaint.

26. In accordance with this Court's December 23rd Order, on January 16, 2013, Flowers refiled its Motion to Dismiss originally filed in the Kelm Action, conforming the arguments and citations to the Consolidated Amended Complaint.

27. On February 7, 2013, Plaintiffs filed their responses to the currently pending motions and on February 12, 2013, they filed a corrected version of one of their responses to correct a misstatement they had made regarding Flowers.

*Represented by the Same Lawyers*
*that Filed the Schnabel, Miller and*
*Kelm Actions and that Represent*
*Plaintiffs in the Consolidated Action,*
*Frank Files a New Action in the Unit-*
*ed States District Court for the Dis-*
*trict of Connecticut*

28.   On December 5, 2012, Mr. Frank (represented by Complex Litigation

Group LLC and Karen Leser-Grenon of Sheperd Finkleman Miller & Shah,

LLP, both of whom are counsel for plaintiffs in the Miller, Kelm and

Schnabel Actions) filed a complaint in the United States District Court for

the District of Connecticut against Trilegiant Corporation, Inc., Flowers

and others, bringing claims substantially similar to those alleged in the

Amended Consolidated Complaint and previously brought in the Original

Frank Action, the Kelm Action and the Miller Action.  That action (referred

to herein as the "New Frank Action") is currently pending before Judge

Stefan R. Underhill.

*Plaintiffs in the Consolidated Action*
*(brought by Complex Litigation*
*Group and Karen Leser-Grenon)*
*Move to Transfer the New Frank Ac-*
*tion (brought by Complex Litigation*
*Group and Karen Lesser-Grenon) to*
*This Court*

29.   On January 23, 2012, Plaintiffs in the Miller, Kelm and Schnabel Actions

(all represented by both the Complex Litigation Group LLC and Karen Le-

ser-Grenon of Sheperd Finkelman Miller & Shah, LLP) filed a motion in *In*

*re Trilegiant Corp., Inc.* to transfer and consolidate the New Frank Action

with the instant action currently pending before this court.

30. On February 13, Flowers (as well as other defendants) responded to Plaintiffs' motion to transfer and consolidate by saying that it does not oppose transfer and consolidation of the New Frank Action with the *Trilegiant* case.  However, Flowers expressly reserved all objections with regard to the propriety and effect of the filing or pendency of the New Frank Action, and noted that it was reserving "all objections with regard to . . . Plaintiff Frank's right to pursue the claims asserted in that lawsuit, his lack of standing in this case, and any other defense available to [Flowers], including, without limitation, the defenses [Flowers has] heretofore asserted in this case, none of which is waived, withdrawn, mooted or otherwise compromised" by Flowers' election not to oppose transfer and consolidation.  By this filing, Flowers did no more than agree that the New Frank Action could be transferred from Judge Underhill to Judge Bryant and that future proceedings therein would be governed by whatever rulings Judge Bryant might elect to make.

*The Court Issues An Order*
*to Show Cause*

31. On January 31, 2013, this Court issued an Order to Show Cause directing Attorney Karen Leser-Grenon, counsel for Frank in the New Frank Action as well as for plaintiffs in the current action, to show cause by February 15, 2013 as to (1) why the New Frank Action is distinguishable from the consolidated action such that it may be maintained despite the prior pending action doctrine, and (2) why the named plaintiff in the New Frank Action is entitled to the named plaintiff premium typically awarded in a successful class action.

32.  On February 15, 2013, Plaintiffs filed their response to the Order to Show
     Cause.  Therein, they admitted that their purpose in filing the New Frank
     Action was to respond to and subvert Flowers' pending motion to dismiss
     for lack of standing because the Consolidated Amended Complaint does
     not include any plaintiff who transacted business with Flowers:  "[T]he
     inclusion of Frank renders that particular argument moot." (Doc. No. 221,
     at 1-2).  Indeed, Plaintiffs expressly admitted the validity of the factual
     premise underlying Flowers' motion to dismiss:  "Currently, there are no
     plaintiffs in the *Trilegiant* Action who made an underlying purchase di-
     rectly from 1-800-Flowers (an issue that has been raised in the motion to
     dismiss)." (*Id.* at 3-4)


                                                    _____
                                                      Thomas J. Kavaler

Sworn to before me this
/ 5TH day of February 2013
_____
          Notary Public

              VICTOR SUTHAMMANONT
        Notary Public, State of New York
               No. 02SU6141212
           Qualified in New York County
            Certified in New York County
        Commission Expires February 21, 2014

                          -10-