UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re Trilegiant Corporation, Inc. : | CIVIL ACTION NO. 3:12-CV-00396 (VLB) |
| : | March 28, 2014 |

MEMORANDUM OF DECISION GRANTING
DEFENDANTS BANK OF AMERICA, N.A.'S AND CAPITAL ONE FINANCIAL
CORPORATION'S MOTION TO DISMISS [DKT. 185]; DEFENDANT HOTWIRE,
INC.'S MOTION TO DISMISS [DKT. 191]; DEFENDANTS
PEOPLE FINDERSPRO, INC.'S, DAYS INNS WORLDWIDE, INC.'S AND WYNDHAM
WORLDWIDE CORPORATION'S JOINT MOTION TO DISMISS [DKT. 192]

I.  Introduction

The Plaintiffs, Debra Miller ("Miller"), Brittany DiCarolis ("DiCarolis"), Hope Kelm ("Kelm"), Jennie H. Pham ("Pham"), Brett Reilly ("Reilly"), Juan M. Restrepo ("Restrepo"), Brian Schnabel, Edward Schnabel, Lucy Schnabel, Annette Sumlin ("Sumlin"), Regina Warfel ("Warfel"), and Debbie Williams ("Williams"), bring this proposed class action against three groups of Defendants, the Trilegiant Defendants, which includes Affinion Group, LLC ("Affinion"), Trilegiant Corporation, Inc. ("Trilegiant"), and Apollo Global Management, LLC ("Apollo"), the Credit Card Defendants, which includes Bank of America, N.A. ("Bank of America"), Capital One Financial Corporation ("Capital One"), Chase Bank USA, N.A. ("Chase"), Citibank, N.A. ("Citibank"), Citigroup, Inc. ("Citigroup"), Chase Paymentech Solutions, LLC ("Paymentech"), and Wells Fargo Bank, N.A. ("Wells Fargo"), and the E-Merchant Defendants, which includes 1-800-Flowers.com, Inc.

1

("1-800 Flowers"), Beckett Media LLC ("Beckett"), Buy.com, Inc. ("Buy.com"), Classmates International, Inc. ("Classmates"), Days Inns WorldWide, Inc. ("Days Inns"), Wyndham WorldWide Corporation ("Wyndham"), FTD Group, Inc. ("FTD"), Hotwire, Inc. ("Hotwire"), IAC/InterActiveCorp ("IAC"), Shoebuy.com, Inc. ("Shoebuy"), PeopleFindersPro, Inc. ("PeopleFinder"), Priceline.com, Inc. "Priceline"), and United Online, Inc. ("United Online").

The Plaintiffs allege several causes of action against the Defendants, including violations of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962(c) (RICO), against all Defendants; conspiring to violate RICO, 18 U.S.C. § 1962(d), against all Defendants; aiding and abetting RICO, 18 U.S.C. §§ 1961-1968, against the Credit Card Defendants; aiding and abetting commissions of mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, and bank fraud, 18 U.S.C. § 1344, against the Credit Card Defendants; violations of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.* (ECPA), against Trilegiant, Affinion, and the E-Merchant Defendants; aiding and abetting ECPA violations under 18 U.S.C. §§ 2510, *et seq.*, against the Credit Card Defendants; violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.* (CUTPA), against the Trilegiant Defendants and E-Merchant Defendants; aiding and abetting and conspiracy to violate CUTPA, Conn. Gen. Stat. § 42-110a, *et seq.*, against the Credit Card Defendants; violations of the California Business and Professional Code § 17602 (Automatic Renewal Statute), against the Trilegiant Defendants and E-Merchant Defendants; and claims of unjust enrichment against all Defendants.

2

**Before the Court are three motions to dismiss.** The first was filed by Defendants Bank of America and Capital One [Dkt. 185; Memorandum of Law in Support, Dkt. 185-1, hereinafter "BOA MTD"]; the second was filed by Defendant Hotwire [Dkt. 191; Memorandum of Law in Support, Dkt. 191-1 hereinafter "Hotwire MTD"]; and the third was filed by Defendants PeopleFinder, Days Inns, and Wyndham. [Dkt. 192; Memorandum of Law in Support, Dkt. 192-1, hereinafter "Wyndham MTD"]. Each of the Defendants moves to dismiss the Plaintiffs' Consolidated Amended Class Action Complaint. [Dkt. 141, hereinafter "CAC at ¶"]. For the reasons stated below, the motions are GRANTED.

II.   **Background**

A full recitation of the background and facts is set forth in the Court's Memorandum of Decision Granting In Part and Denying In Part Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaint or, in the Alternative, to Strike Portions of the Complaint. [Dkt. 276, hereinafter "Court Order at Dkt. 276"]. The Plaintiffs do not allege that any of the named Plaintiffs made online purchases through or had credit cards issued by Bank of America, Capital One, Hotwire, or Wyndham (hereinafter the "Defendants").

III.  **Standard of Review**

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Sarmiento v. United States*, 678 F.3d 147, 152 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While Rule 8 does not require detailed

3

factual allegations, "[a] pleading that offers labels and conclusions or formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citations and internal quotation marks omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint.  *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).  "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal,* 556 U.S. at 678 (citations and internal quotation marks omitted).

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the

4

complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

IV. Discussion

The Defendants contend that the Complaint should be dismissed as against them because the Plaintiffs lack constitutional standing to bring the action. Bank of America, Capital One, Hotwire, and Wyndham argue that the Plaintiffs have failed to allege sufficiently Article III standing because none of the named Plaintiffs have claimed that they were harmed, either directly or indirectly, by any of the Defendants. BOA MTD p. 4-9, Hotwire MTD p. 2, Wyndham MTD p. 2-3. In the alternative, Bank of America, Capital One, and Hotwire argue that even if Article III standing is found, the Plaintiffs' RICO claims must still fail because the RICO statute has a specific causation requirement that the Plaintiffs have failed to plead sufficiently. BOA MTD p. 9-14.

1. Article III Standing

To prove Article III standing, the Plaintiffs must allege (1) a personal "injury-in-fact"; (2) a "causal connection between the injury and the conduct complained of"; and (3) that it is "likely, as opposed to merely speculative, that

the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations and internal quotation marks omitted).  A plaintiff cannot abrogate these constitutional requirements by styling the claim as a class proceeding.  *See In re Lehman Bros. Secs. & ERISA Litig.*, 684 F. Supp. 2d 485, 490 (S.D.N.Y. 2010).  "To establish Article III standing in a class action," a plaintiff must allege that "for every named defendant there must be at least one named plaintiff who can assert a claim directly against that defendant . . . ."  *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 241 (2d Cir. 2007) (citations and internal quotation marks omitted).  Courts in this circuit have also made clear that the Article III standing inquiry must precede class certification.  *See Forth Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 332-33 (S.D.N.Y. 2012).

Accordingly, a defendant in a class action proceeding must have either directly or indirectly caused the alleged injury to one of the named plaintiffs for the plaintiffs to have constitutional standing to assert a claim against that defendant.  For example, in *Lehman Bros.*, the plaintiffs brought a putative securities class action for the sale of mortgage pass-through certificates, a type of mortgage-backed security, sold in ninety-four separate offerings.  *See In re Lehman Bros. Secs. & ERISA Litig.*, 684 F. Supp. 2d at 487-88.  The named plaintiffs, however, "purchased Certificates issued only in nine of the ninety-four offerings alleged in the complaint."  *Id.*  The court found that the plaintiffs only had standing to bring suit against the nine offerings in which they purchased

6

securities because they could not demonstrate a traceable injury to the other offerings.  *Id.* at 90.

The Second Circuit recently affirmed that named plaintiffs in a class action do not have Article III standing against "non-injurious defendants."  *See Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62-66 (2d Cir. 2012).  In *Mahon*, the court held that the named plaintiffs in a class action must be able to demonstrate an injury directly traceable to the defendants to have Article III standing.  *Id.* at 64.  None of the named Plaintiffs here have alleged that Bank of America, Capital One, Hotwire, or Wyndham caused their injuries.  Therefore, it would be impossible for this Court to find that the Plaintiffs have stated a "concrete, particularized, and actual . . . injury . . . that is traceable to [the] defendant's conduct."  *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 96 (2d Cir. 2009).

The Plaintiffs argue that they do not need to allege that every Defendant was the direct or indirect cause of one of the Plaintiffs' injuries because the Plaintiffs have adequately alleged that their injuries were caused by a conspiracy in which Bank of America, Capital One, Hotwire, and Wyndham were involved as co-conspirators.  [Dkt. 219, Consolidated Memorandum of Law in Opposition to Defendants' Motion to Dismiss, p. 71-79, hereinafter "Opp."].  The Court agrees that if the Plaintiffs adequately alleged a conspiracy, they would not be required to allege direct harm caused by every defendant as long as the harm is directly traceable to the acts of the conspiracy  *See Rios v. Marshall*, 100 F.R.D. 395, 404 (S.D.N.Y. 1983).  However, as detailed in the Court Order at Dkt. 276, the Plaintiffs have not sufficiently pled a RICO conspiracy because, among other reasons, they

7

failed to allege that all of the Defendants formed one agreement to engage in the alleged racketeering activity.  The Court has also held that the Plaintiffs have insufficiently pled a conspiracy to violate CUTPA.  See Court Order at Dkt. 276.

Accordingly, the Defendants' motion to dismiss for want of standing is GRANTED.

2.  RICO Causation

Defendants Bank of America, Capital One, and Hotwire argue that even if constitutional standing is found, the Plaintiffs have not sufficiently pled the elements of a RICO claim because RICO requires specific causation.  BOA MTD 9-14.

When alleging predicate acts of wire or mail fraud, a plaintiff must allege "but for" causation, "meaning that but for the RICO violation, [the plaintiff] would not have been injured," and "that the defendant's unlawful acts were in a legal sense the cause of the plaintiff's economic loss."  *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 132 (2d Cir. 2010); *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 167 (2d Cir. 1999).  This element is satisfied "if the defendant's injurious conduct is both the factual and the proximate cause of the injury alleged."  *Lerner v. Fleet Bank. N.A.*, 318 F.3d 113, 121 (2d Cir. 2003).

The Court previously held that the Plaintiffs have not sufficiently alleged a substantive RICO claim because, among other reasons, they have failed to allege a RICO enterprise.  See Court Order at Dkt. 276.  The Plaintiffs have also failed to allege sufficiently a RICO conspiracy because they did not plead any facts to

8

show that an agreement had been reached by all of the Defendants to participate in the scheme.  Court Order at Dkt. 276.  Since there was no conspiracy or enterprise, the Plaintiffs cannot allege that Bank of America, Capital One, and Hotwire indirectly caused their RICO-related injuries because there was no scheme for them to be a part of.  Therefore, the Plaintiffs have not alleged the requisite causation element to maintain a RICO claim against Bank of America, Capital One, or Hotwire.

For the foregoing reasons, the Defendants' [Dkt. 185], [Dkt. 191], and [Dkt. 192] Motions to Dismiss the Consolidated Amended Class Action Complaint are GRANTED.  As none of the named Plaintiffs have standing in this matter, Bank of America, Capital One, Hotwire, and Wyndham are terminated as Defendants.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  March 28, 2014