UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| : | | |
| : | | CIVIL ACTION NO. |
| : | | 3:12-CV-00396 (VLB) |
| In re Trilegiant Corporation, Inc. | : | |
| : | | |
| : | | |
| : | | March 28, 2014 |

MEMORANDUM OF DECISION GRANTING IN PART AND
DENYING IN PART DEFENDANT PRICELINE.COM
INCORPORATED'S MOTION TO DISMISS [DKT. 193]

I.      Introduction

The Plaintiffs, Debra Miller ("Miller"), Brittany DiCarolis ("DiCarolis"), Hope

Kelm ("Kelm"), Jennie H. Pham ("Pham"), Brett Reilly ("Reilly"), Juan M. Restrepo

("Restrepo"), Brian Schnabel, Edward Schnabel, Lucy Schnabel, Annette Sumlin

("Sumlin"), Regina Warfel ("Warfel"), and Debbie Williams ("Williams"), bring this

proposed class action against three groups of Defendants, the Trilegiant

Defendants, which includes Affinion Group, LLC ("Affinion"), Trilegiant

Corporation, Inc. ("Trilegiant"), and Apollo Global Management, LLC ("Apollo"),

the Credit Card Defendants, which includes Bank of America, N.A. ("Bank of

America"), Capital One Financial Corporation ("Capital One"), Chase Bank USA,

N.A. ("Chase"), Citibank, N.A. ("Citibank"), Citigroup, Inc. ("Citigroup"), Chase

Paymentech Solutions, LLC ("Paymentech"), and Wells Fargo Bank, N.A. ("Wells

Fargo"), and the E-Merchant Defendants, which includes 1-800-Flowers.com, Inc.

("1-800 Flowers"), Beckett Media LLC ("Beckett"), Buy.com, Inc. ("Buy.com"),

1

Classmates International, Inc. ("Classmates"), Days Inns WorldWide, Inc. ("Days Inns"), Wyndham WorldWide Corporation ("Wyndham"), FTD Group, Inc. ("FTD"), Hotwire, Inc. ("Hotwire"), IAC/InterActiveCorp ("IAC"), Shoebuy.com, Inc. ("Shoebuy"), PeopleFindersPro, Inc. ("PeopleFinder"), Priceline.com, Inc. "Priceline"), and United Online, Inc. ("United Online").

The Plaintiffs allege several causes of action against the Defendants, including violations of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962(c) (RICO), against all Defendants; conspiring to violate RICO, 18 U.S.C. § 1962(d), against all Defendants; aiding and abetting RICO, 18 U.S.C. §§ 1961-1968, against the Credit Card Defendants; aiding and abetting commissions of mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, and bank fraud, 18 U.S.C. § 1344, against the Credit Card Defendants; violations of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.* (ECPA), against Trilegiant, Affinion, and the E-Merchant Defendants; aiding and abetting ECPA violations under 18 U.S.C. §§ 2510, *et seq.*, against the Credit Card Defendants; violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.* (CUTPA), against the Trilegiant Defendants and E-Merchant Defendants; aiding and abetting and conspiracy to violate CUTPA, Conn. Gen. Stat. § 42-110a, *et seq.*, against the Credit Card Defendants; violations of the California Business and Professional Code § 17602 (Automatic Renewal Statute), against the Trilegiant Defendants and E-Merchant Defendants; and claims of unjust enrichment against all Defendants.

2

Before the Court is Priceline's Motion to Dismiss [Dkt. 193; Memorandum of Law in Support, Dkt. 193-1, hereinafter "MTD"].  For the reasons that follow, Priceline's motion to dismiss is GRANTED in part and DENIED in part.

II.     Background

A full recitation of the background and facts is set forth in the Court's Memorandum of Decision Granting In Part and Denying In Part Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaint or, in the Alternative, to Strike Portions of the Complaint [Dkt. 276, hereinafter "Court Order at Dkt. 276"].

Only two of the named Plaintiffs, Brian Schnabel and Debbie Williams, have alleged direct claims against Priceline.  MTD p. 2.  Schnabel alleges that "[o]n or about December 20, 2007," his credit card was charged for a Trilegiant membership.  [Dkt. 141, Consolidated Amended Class Action Complaint, ¶ 29, hereinafter "CAC at ¶"].  When he noticed the recurring charges in March or April 2010, he contacted Trilegiant and was told that he enrolled in the membership program "through a Priceline transaction."  *Id.*  Williams alleges that on May 26, 2009, she made a "hotel reservation through Priceline," and shortly thereafter, her debit card was charged for a Trilegiant membership program.  *Id.* at ¶ 34.

Plaintiff Schnabel filed a complaint against the Trilegiant Defendants in this matter on June 17, 2010, but only joined Priceline as a Defendant on September 7, 2012.  MTD p. 2.  Plaintiff Williams first joined the suit on September 7, 2012.

3

### III.    Standard of Review

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Sarmiento v. United States*, 678 F.3d 147, 152 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  While Rule 8 does not require detailed factual allegations, "[a] pleading that offers labels and conclusions or formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations and internal quotation marks omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint.  *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).  "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).  "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).  "The plausibility

standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005)(MRK).

IV.    Discussion

Priceline argues that the claims against it by Schnabel and Williams are barred by the relevant statutes of limitations.  MTD p. 2.

1.  Schnabel's RICO Claims against Priceline

The Defendant argues that Schnabel's RICO claim against it is untimely because Priceline was not joined as a Defendant until September 12, 2012, nearly four years and five months after the Defendant alleged he was enrolled in a Trilegiant membership program.  MTD p. 3.  For the reasons stated in the Court Order at Dkt. 276, the Plaintiff was put on inquiry notice of the RICO injury shortly after December 20, 2007 because that is when he alleges to have received

5

recurring monthly credit card charges for the Trilegiant membership.  CAC at ¶¶ 29, 160((h)(x); Court Order at Dkt. 276.  Since Priceline was added as a Defendant well after the four year statute of limitations period had run, the Plaintiff's RICO claim expired, and his claims against Priceline are barred by the statute of limitations.

For the foregoing reasons, the Defendant's motion to dismiss is GRANTED.

2.  Schnabel's ECPA Claim

Priceline argues that Schanbel's ECPA claim was barred by ECPA's two-year statute of limitations.  MTD p 4-5.

Defendants have already moved to dismiss Schnabel's ECPA claim, and the Court has granted that motion.  Court Order at Dkt. 276.  Priceline's motion, therefore, is moot.

3.  Schnabel's CUTPA Claim

Priceline claims that Schnabel's CUTPA claim was barred by the relevant three-year statute of limitations.  MTD p. 5.

The Court has already determined that the Plaintiffs have insufficiently pled CUTPA violations based practices which resulted in their initial enrollment into the membership programs.  Court Order at Dkt. 276.  Furthermore, the Court has determined that the Plaintiffs have sufficiently and timely pled that that the refund mitigation strategy violated CUTPA's prohibition on deceptive and unfair practices.  Court Order at Dkt. 276.  Since we held that these claims were alleged

against both the Trilegiant and E-Merchant Defendants, Priceline's motion to dismiss Schnabel's CUTPA claims related to the refund mitigation strategy is DENIED, but in all other respects it is GRANTED.  Court Order at Dkt. 276.

### 4.   Schnabel's Automatic Renewal Statute Claim

Priceline moves to dismiss Schnabel's Automatic Renewal Statute claim as being barred by the relevant statute of limitations.  MTD. p. 5.

Defendants have already moved to dismiss Schnabel's Automatic Renewal Statute claim, and the Court has granted that motion.  Defendants' MTD p. 36-37; Court Order at Dkt. 276.  Priceline's motion, therefore, is moot.

### 5.   Schnabel's Unjust Enrichment Claim

Priceline argues that Schnabel's unjust enrichment claim is barred by the statute of limitations.  MTD. p. 6.

Even though unjust enrichment is an equitable remedy, which permits a court to exercise discretion in determining the relevant statute of limitations, when a Plaintiff asserts both equitable and legal causes of action related to the same conduct, the equitable action should be controlled by the related legal action's statute of limitations.  *See Blue Cross of Ca. v. SmithKline Beccham Clinical Labs., Inc.*, 108 F. Supp. 2d 116, 118 (D. Conn. 2000) (dismissing claims as being time-barred because the related legal claims are time-barred); *Litvack v. Lehrer*, No. 3:06-cv-0077(WWE), 2007 WL 322506, at *4 (D. Conn. Jan. 31, 2007),

*aff'd*, 309 F. App'x 433 (2d Cir. 2009) (finding that plaintiff's unjust enrichment claim was barred by the same statute of limitations as the legal claims).

Here, we have dismissed several of Schnabel's legal claims for being time barred.  Court Order at Dkt. 276.  However, we held that Schnabel's CUTPA claim stemming from the refund mitigation strategy was timely.  Court Order at Dkt. 276.  Since the deceptive or unfair practices used in the refund mitigation strategy can be used to support a claim for unjust enrichment, Priceline's motion to dismiss Schnabel's unjust enrichment claim related to that conduct is DENIED, but as to all other conduct it is GRANTED.

### 6.  Williams's ECPA and CUTPA Claim

Defendants have already moved to dismiss Williams's ECPA and CUTPA claims, and the Court granted the motion to dismiss the ECPA claim, but denied the motion to dismiss the CUTPA claim with respect to the refund mitigation strategy.  Court Order at Dkt. 276.  Priceline's motion to dismiss Williams's ECPA and CUTPA claims, therefore, is moot.

### V.     Conclusion

For the foregoing reasons, Priceline's [Dkt. 193] Motion to Dismiss is GRANTED IN PART and DENIED IN PART.  As to Schnabel, the motion is DENIED with respect to his CUTPA claim based on the refund mitigation strategy allegations and the unjust enrichment claim based on that conduct, but is GRANTED in all other respects.  As to Williams, the motion has already been disposed of in the Court Order at Dkt. 276.

8

**IT IS SO ORDERED.**


_____/s/_____
**Hon. Vanessa L. Bryant**
**United States District Judge**


**Dated at Hartford, Connecticut: March 28, 2014**